IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN RAMOS and ERIK JOHNS,

        Plaintiffs,

vs.                                                                     No. CIV 00-1453 LH/KBM

JUDY ROMERO in her individual capacity as
Principal of Los Lunas Middle School, and DANNY
BURNETT, the Superintendent of Los Lunas Public
Schools, in his official and individual capacities, and
JOHN KERN, President, NANCY SEAMAN,
DANNY HAWKS, BOB WHORTON, and PAM
THOMAS, as members of the Board of Education of
the Los Lunas Public Schools,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss on the Basis of Qualified Immunity (Docket No. 15), filed February 1, 2001. The Court, having considered the Motion, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that Defendants' Motion is not well taken and will be **denied**.

Plaintiffs Juan Ramos and Erik Johns, former teachers at a Los Lunas middle school, bring suit pursuant to 42 U.S.C. § 1983, asserting various violations of their constitutional rights: First Amendment violations of free speech and freedom of association, gender discrimination, violation of equal protection, and First and Fourteenth Amendment claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Defendants move for dismissal of the First Amendment claims on grounds that they are entitled to qualified immunity because it is not clearly established that Plaintiffs' alleged

speech addresses matters of public concern, that their speech concerning grading policies and the administration implicates the First Amendment whatsoever, and that their other allegations even are speech.  In their Response, Plaintiffs narrow their First Amendment claims to two areas, their disagreement with grading policy and their union activities.

While Plaintiffs' Complaint indeed leaves much to be desired in the way of setting forth the factual bases for their claims, Defendants erroneously argue that Plaintiffs must meet the heightened pleading standard enunciated in *Breidenbach v. Bolish*, 126 F.3d 1288 (10th Cir. 1997). *Breidenbach*, however, has been overruled by the Tenth Circuit's recent decision in *Currier v. Doran*. 242 F.3d 905, 916 (2001)("We conclude that this court's heightened pleading requirement cannot survive *Crawford-El* [*v. Britton*, 523 U.S. 574 (1998)]."); *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)("We recently held [in *Currier*] that the heightened pleading requirement does not survive the Supreme Court's opinion in *Crawford-El v. Britton*." (citation omitted)).

Thus, contrary to the argument of the parties in this case, in reviewing Defendants' Motion the Court must apply "the customary motion to dismiss standard:  '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Currier*, 242 F.3d at 917 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The issue, then, "is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).  Thus, "[o]nce a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Id.* at 917.  If so, then "the plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions." *Id.* at 923.  "The plaintiff must

prove the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.*

The *Currier* court additionally noted that, "to the extent the Supreme Court considered whether a court may require a plaintiff to plead 'specific, nonconclusory factual allegations' to survive a prediscovery motion for dismissal, it concluded this option resides in the discretion of federal trial judges." *Id.* at 916 (quoting *Crawford-El*, 118 S. Ct. at 1596-97 (internal quotations omitted)). The circuit court thus "reiterate[d] that trial judges retain discretion to order a reply to a defendant's answer, grant a defendant's motion for a more definitive statement, or tightly confine discovery." *Id.* (citing FED. R. CIV. P. 7(a), 12(e); *Crawford-El*, 118 S. Ct. at 1596-97).

Given that the parties have argued an incorrect standard, the Court will deny Defendants' Motion. The Court also, however, will order Plaintiffs to amend their Complaint to more clearly set forth specific, nonconclusory factual allegations in support of their constitutional claims. Once Plaintiffs have filed their amended complaint, Defendants may again, if the circumstances warrant, bring a motion for qualified immunity before the Court.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss on the Basis of Qualified Immunity (Docket No. 15), filed February 1, 2001, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs will file an amended complaint no later than ten (10) days following entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE